**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT JACKSON**

| | | |
|---|---|---|
| **BOBBY J. LOVE,** | ) | |
| Petitioner, | ) | **C. C. A. NO. 02C01-9809-CR-00261** |
| vs. | ) | **SHELBY COUNTY** |
| **STATE OF TENNESSEE,** | ) | **No. P-20160** |
| Respondent. | ) | |

FILED

February 3, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

**O R D E R**

This matter is before the Court upon the state's motion to affirm the judgment of the trial court in accordance with Rule 20, Rules of the Court of Criminal Appeals. This case represents an appeal from the dismissal of the petitioner's petition for post-conviction relief. On July 22, 1998, the petitioner filed a post-conviction petition challenging the validity of his guilty plea to robbery with a deadly weapon in 1988.[1] The petitioner alleges numerous errors at the guilty plea hearing, including the ineffective assistance of counsel and the failure to advise him that the conviction could be used to enhance future sentences. Finding that the statute of limitations had expired, the trial court dismissed the petition without a hearing.

Pursuant to T.C.A. § 40-30-202(a)[2], a person in custody under a sentence of a court of this state must petition for post-conviction relief within one year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one year of the date on which judgment became final. The Post-Conviction Procedure Act provides several limited exceptions to the one-year statute of limitations, however none of them are applicable to the present case. See § 40-30-202(b). The petition in this case was filed well beyond the applicable statute of

---

[1] The petitioner also appears to be challenging guilty pleas to undisclosed offenses in 1986 and 1984. The record, however, does not contain copies of these judgments. Nonetheless, his challenge to these convictions under the post-conviction statute must also fail for the reason stated in this order.

[2] The petition in this case was filed after May 10, 1995, and is therefore governed by the provisions of the 1995 Post-Conviction Procedure Act. See Compiler's Notes, T.C.A. § 40-30-201 (1997).

limitations, and is, therefore, untimely.[3]  Accordingly, the post-conviction court properly dismissed the petition without an evidentiary hearing.  T.C.A. § 40-30-206(b).

The state's motion is granted.  Accordingly, it is hereby ORDERED that the judgment of the trial court is affirmed by order in accordance with Rule 20, Rules of the Court of Criminal Appeals.  It appearing to the Court that the petitioner is indigent, costs of this proceeding shall be taxed to the state.

_____
JOHN EVERETT WILLIAMS, JUDGE


_____
DAVID G. HAYES, JUDGE


_____
JOE G. RILEY, JUDGE

---

[3] The petition would also be barred under the previous three year statute of limitations.  See T.C.A. § 40-30-102 (1990) (repealed); Passarella v. State, 891 S.W.2d 619, 624 (Tenn. Crim. App.), perm. to app. denied, (Tenn. 1994).